FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

2015 MAY 11  AM 11: 21

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

ALLIED PORTABLES, LLC, a Florida limited
liability company; CONNIE ADAMSON, an
individual;

       Plaintiffs,

vs.

2:15-cv-294-FtM-38CM

ROBIN YOUMANS, an individual;
GARDEN ST. PORTABLES, LLC, a Florida
limited liability company,  WILLIAM "BILL"
OSWALD, JR., an individual; BILLOPRO,
LLC, a Florida limited liability company; LORI
LANGLOIS, an individual; DEBRA PALMER,
an individual; and PALMER ACCOUNTING &
BOOKKEEPING SERVICE, INC., a Florida
corporation;

       Defendants.

_____/

CASE NO.:
DIVISION: CIVIL

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs, ALLIED PORTABLES, LLC, a Florida limited liability company, and

CONNIE ADAMSON (collectively **"Plaintiffs"**), by and through their undersigned

counsel, sue Defendants, ROBIN YOUMANS, GARDEN ST. PORTABLES, LLC[1],

WILLIAM "BILL" OSWALD, JR., BILLOPRO, LLC, LORI LANGLOIS, DEBRA

PALMER and PALMER ACCOUNTING & BOOKKEEPING SERVICE, INC.

(collectively **"Defendants"**), and allege:

---

[1] "Garden St." is in common parlence an abbreviation for "Garden Street", not "Garden State", an error in
identification frequently made.

## JURISDICTION AND VENUE

1.      This is an action for: (i) violation of the computer fraud and abuse act; (ii) violation of the privacy of communications act; (iii) misappropriation of trade secrets; (iv) tortious interference with advantageous business relationships; (v) civil conspiracy to commit conversion; (vi) breach of contract; (vii) breach of fiduciary duty owed to ALLIED PORTABLES, LLC; and (viii) breach of fiduciary duty owed to CONNIE ADAMSON; seeking injunctive relief and damages.

2.      The United States District Court for the Middle District of Florida, Fort Myers Division, has jurisdiction over this dispute because it has original jurisdiction over claims arising under 18 U.S.C. § 1030, and supplemental jurisdiction over claims between the parties which arise under Florida state law. Venue is proper in this Court because, *inter alia*, the claims at issue accrued in Lee County, Florida, and parties reside here.

3.      The computer systems utilized in the business operations of Plaintiff, ALLIED PORTABLES, LLC (defined as the Allied Computers below), are used in and affect interstate commerce. The Allied Computers are thus protected computers within the meaning of 18 U.S.C. § 1030.

## SUBSTANTIVE PARTIES

4.      Plaintiff, ALLIED PORTABLES, LLC ("**Allied**"), is a Florida limited liability company with its primary place of business in Lee County, Florida. At the present time, fifty-one percent (51%) of the shares in Allied are owned by Plaintiff, CONNIE ADAMSON, and forty-nine percent (49%) are owned by Defendant, ROBIN

YOUMANS. A true and correct copy of the Operating Agreement for Allied Portables, LLC, effective October 1, 2012 (the "**Operating Agreement**"), is attached hereto as <u>Exhibit A</u>.

5.      Plaintiff, CONNIE ADAMSON ("**Adamson**"), is a natural person, sui juris, residing in Lee County, Florida.

6.      Defendant, ROBIN YOUMANS ("**Youmans**"), is a natural person, sui juris, residing in Lee County, Florida.

7.      Defendant, GARDEN ST. PORTABLES, LLC ("**Garden St. Portables**") is an active Florida limited liability company with its principal place of business in Lee County, Florida.

8.      Defendant, WILLIAM "BILL" OSWALD, JR. ("**Oswald**"), is a natural person, sui juris, residing in Lee County, Florida.

9.      Defendant, BILLOPRO, LLC ("**Billopro**"), is an active Florida limited liability company with its principal place of business in Lee County, Florida.

10.     Defendant, LORI A. LANGLOIS ("**Langlois**"), is a natural person, sui juris, residing in Lee County, Florida.

11.     Defendant, DEBRA PALMER ("**Palmer**"), is a natural person, sui juris, residing in Lee County, Florida.

12.     Defendant, PALMER ACCOUNTING & BOOKKEEPING SERVICE, INC. ("**Palmer Accounting**"), is an active Florida limited liability company with its principal place of business in Lee County, Florida.

## GENERAL ALLEGATIONS

13.     The primary business of Allied is the provision of portable accommodations and related services to customers in a geographic area spanning from its principal place of business in Lee County, Florida, north to Tampa and Orlando, and south throughout Florida.

14.     Allied's portable accommodations include basic portable restrooms, flushing portable restrooms, hand washing stations, hand sanitization stations, climate controlled restroom trailers, climate controlled shower trailers, and specialized restroom trailers for agricultural use.

15.     Allied's customer base includes private individuals, national construction companies, local builders, event organizers, agriculture operators, governmental entities and other types of businesses. Allied's customers are located throughout the United States.

16.     Allied has invested considerable time, effort and capital into building goodwill and a strong reputation within the communities it serves. Allied has also invested in the development and construction of specialized equipment that enables it to serve certain niche markets throughout the State.

17.     Allied utilizes computer hardware and software in its business operations, including without limitation, personal computers, laptops, servers, routers, switches, firewalls and other networking equipment, cellphones, smartphones, tablets, back-up systems, GPS systems and other electronic devices which are owned or leased by Allied (referred to collectively as the "**Allied Computers**" or "**Allied Network**").

18.     Allied, acting primarily through Youmans, commissioned various third party vendors to install, configure and service the Allied Computers on its behalf. Allied also hired third party vendors to create a company website for Allied (www.alliedportables.com) and to help manage Allied's social media presence.[2]

19.     The Allied Computers store sensitive, confidential, proprietary, trade secret, and other business information belonging to Allied (collectively the "**Allied Confidential Information**"). Allied sought to protect Allied Confidential Information by limiting access to the Allied Computers and its premises to only trusted individuals who require such information for the performance of their respective duties on behalf of Allied.

20.     Similarly, because the Allied website and social media pages are important marketing tools and sources of business referrals for Allied, Allied sought to limit administrative control of such pages to only trusted individuals who required access for the performance of their respective duties on behalf of Allied.

21.     Prior to her termination, Youmans carried out Allied's day-to-day administrative operations with the assistance of various other agents, including Oswald, Langlois and Palmer. Youmans had primary oversight over Allied's sales and operational personnel. Youmans also managed various vendor and customer relationships and participated in sales on behalf of Allied.

---

[2] The vendors used by Allied for these purposes include, without limitation, Matthew Hurley of Torchlight Productions, LLC, Brett Bisbe of B2 Solutions, Inc., d/b/a B2 Technology Solutions, and Ryan Niederberger of Modern Life Computers, LLC, d/b/a Evolution Computers and/or Ryan's Computer Shop.

22.     Due to her level of responsibility as managing member, Youmans had unfettered access to sensitive, confidential, proprietary, trade secret, and virtually all other business information, belonging to Allied.

23.     While still acting as managing member of Allied, Youmans embarked on a destructive course of fraud, deceit, willful misconduct and the wrongful taking of Allied property, culminating in the formation of a business venture that directly competes with Allied in the portable accommodations business. Without limitation, Youmans took the following actions in the <u>four months</u> prior to her removal as managing member of Allied:

a.  Youmans conspired with Oswald and others to leave Allied and form a competing business venture;

b.  Youmans communicated and met with third parties to plan formation of Garden St. Portables, for future competition with Allied;

c.  Youmans informed Allied agents that she would be leaving the company to form a competing venture, and solicited their involvement in same;

d.  Youmans conspired with Palmer, Allied's former bookkeeper, as to methods of straining Allied finances (e.g., diverting and holding checks and delaying vendor payments), to reduce the company's appearance of profitability and value;

e.  Youmans mischaracterized and paid funds to Billopro (and/or other entities in control of Oswald or Youmans), which funds were subsequently transferred to Youmans and/or Oswald in their individual capacities, in addition to other financial transgressions;

f.  Youmans allowed Oswald to use Allied utilities and other facilities to operate an office for Billopro on the same parcel as the Allied office;

g.  Youmans used Allied funds to procure insurance and other employment benefits for Oswald and herself, without authorization or disclosure to Allied or Adamson;

h.  Youmans changed the payment address for Allied receivables so as to intercept checks via a separate post office box solely under her control (with a plan to deny receipt on the basis of a purported post office error if questioned);

i.  Youmans directed Palmer to change electronic access credentials for Allied bank accounts in order to prevent access by Adamson or other agents of Allied;

j.  Youmans directed Palmer to change electronic access credentials for Allied accounting software in order to prevent access by Adamson or other agents of Allied;

k.  Youmans directed Palmer to take retain twenty (20) Allied checks "in case [Youmans] needed them";

l.  Youmans used Allied funds to install a computer system in her home office that was configured by a third party vendor so as to allow remote access to the Allied Network (while concealing the existence of same)[3];

---

[3] Upon information and belief, this computer remains in possession of Youmans who uses it on behalf of Garden St. Portables.

m. Youmans directed a third party vendor to configure an automated online backup service in order to store data contained on certain key computers at Allied in an online location under her control;

n. Youmans directed a third party vendor to configure a firewall and/or take other unauthorized actions with respect to the Allied Network so as to provide Youmans with the ability to control access to the Allied Network without the knowledge of Allied; and

o. Youmans directed a third party vendor to change access credentials for the Total Activity Control software ("**TAC**") used by Allied so as to impede Allied's operations in the event of Youmans' termination.

24.     Other agents of Allied eventually discovered the detrimental actions taken by Youmans, Oswald and others. Allied proceeded to take such steps as were necessary to prevent further harm.

25.     The removal of Youmans as managing member of Allied effective August 29, 2014, coincided with the termination of her employment with Allied. Adamson has served as the sole managing member of Allied since August 29, 2014.

26.     On the day of her termination, Youmans asked to remove certain "personal pictures" from her computer at Allied and engaged Langlois, an Allied employee, to assist her. Due to concerns over what information could be transmitted, Allied instructed Youmans and Langlois that no personal pictures could be removed at that time but that provision would be made to give her these items at a later date. It was

also made clear that no business information could be taken. A thumb drive with Youmans' personal pictures was later delivered by Allied to Youmans.

27.     Unbeknownst to Allied, Youmans had already implemented the means necessary to obtain remote access to Allied Network and Allied Confidential Information without authorization. Youmans concealed her ability to remotely access the Allied Network, among numerous other activities, both prior and subsequent to her termination as an employee of Allied and her removal as its managing member. In fact, through counsel, Youmans repeatedly denied hacking or otherwise accessing the Allied Network subsequent to her dismissal.

28.     Within weeks of termination from Allied, Youmans declared to others that "I want [Allied] to fall apart," and that she would "bury them all."

29.     Youmans now acts as an agent on behalf of Garden St. Portables; Youmans is employed by Garden St. Portables or has some other form of consulting, contractor or business relationship. Youmans has a direct or indirect financial interest in Garden St. Portables.

30.     In order to harm Allied, Youmans engaged in the following acts:

a.   Youmans used remote access to the Allied Network to transmit massive amounts of Allied Confidential Information to an offsite location under Youmans' control (beginning the day after her termination if not prior);

b.   Youmans directed Langlois and other remaining employees of Allied to transmit additional Allied Confidential Information to Youmans;

c.  Youmans directed employees of Allied to deliver physical copies of Allied Confidential Information to Youmans, Oswald, Garden St. Portables, or an agent thereof;

d.  Youmans conspired with Palmer to obtain financial information regarding Allied in excess of her statutory rights;

e.  Youmans changed the beneficiary of a life insurance policy, with premiums paid by Allied, from Allied to herself;

f.  Youmans impeded transfer of the Allied website and social media accounts;

g.  Youmans immediately began contacting current employees of Allied to demean Allied and solicit the employees' services on behalf of Garden St. Portables;

h.  Youmans immediately began contacting former, current and prospective customers of Allied to induce them to cease doing business with Allied;

i.  Youmans immediately began contacting former, current and prospective customers of Allied to solicit their business on behalf of Garden St. Portables;

j.  Youmans made repeated defamatory communications about Allied and Adamson to third parties; and

k.  Youmans continues to operate a business venture in direct competition with Allied.

31. Youmans and/or Oswald also sent harassing and offensive communications to Adamson and her family members.

32. Apart from causing direct financial harm to Allied, Youmans utilized Allied's resources, information and agents as a springboard to develop Garden St. Portables and yield an unfair competitive advantage over Allied (thereby causing indirect financial harm as well).

33. As Youmans acknowledged to Oswald, unfair competition was necessary because if "[Allied] had adequate people to run that business[, it] would be a huge problem for us."

34. As the scope of Youmans' destruction became more apparent, Allied engaged technology experts to secure the Allied Network. Only then did Allied begin to uncover the true extent of damage Youmans had caused. This investigation remains ongoing.

35. Youmans actions required Allied and Adamson to retain the undersigned counsel for purposes of investigating and ultimately bringing this action. Allied is entitled to recover its reasonable attorneys' fees, costs and other expenses from Youmans pursuant to the Operating Agreement and from the other Defendants herein pursuant to applicable Florida and Federal law.

36. The public interest will be served through entry of the injunctive relief sought herein.

37. All conditions precedent to this action are satisfied, futile or have occurred, been performed or waived.

## COUNT I – VIOLATION OF COMPUTER FRAUD AND ABUSE ACT

38.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 as though fully alleged herein.

39.     This is an action pursuant to 18 U.S.C. § 1030.

40.     The Allied Computers are used in interstate commerce and qualify as protected computers within the meaning of 18 U.S.C. § 1030.

41.     Youmans, individually and in conspiracy with Oswald, Langlois, Palmer, Palmer Accounting, Garden St. Portables and/or others, repeatedly accessed the Allied Computers with the intent to defraud Allied and/or Adamson, exceeding any level of authorization or without authorization entirely, and thereby obtained Allied Confidential Information.

42.     Youmans, individually and in conspiracy with Oswald, Langlois, Palmer, Palmer Accounting, Garden St. Portables and/or others, utilized unauthorized access to the Allied Computers to change settings and credentials so as to impede authorized access to the Allied Computers and in order to transmit Allied Confidential Information to off-site locations for later use.

43.     Youmans, Oswald and others also used their unauthorized access to the Allied Computers (or credentials applicable to a third party web server) to effectuate the "hacking" or alteration of the Allied website to display pornographic material. Similar information was also placed on the website of a minor relative of Adamson.

44. Youmans, Oswald and Garden St. Portables orchestrated this scheme to gain an improper commercial advantage for Garden St. Portables, to cause harm and to harass persons affiliated with Allied.

45. The amount of damages and loss caused to Allied are far in excess of $5000.00 statutory threshold, including without limitation, compensatory damages for the costs of investigation and damage assessment, data, program and system restoration, equipment replacement and rebuilding, and consequential damages caused by the disruptions to the Allied Computers.

WHEREFORE, Plaintiff, ALLIED PORTABLES, LLC, requests entry of judgment against Defendants, ROBIN YOUMANS, GARDEN ST. PORTABLES, LLC, WILLIAM "BILL" OSWALD, JR., LORI A. LANGLOIS, DEBRA PALMER and PALMER ACCOUNTING & BOOKKEEPING SERVICE, INC., which:

  a. awards damages in the maximum amount allowable at law, in an amount including, but not limited to the amount of damages and loss caused by unauthorized access to the Allied Computers and Allied Confidential Information; compensatory damages for Allied's costs of investigation and damage assessment, data, program and system restoration, and equipment replacement and rebuilding; consequential damages caused by the disruptions to the Allied Computers; and statutory damages;

  b. awards reasonable attorneys' fees and costs incurred by Allied;

  c. enters an injunction ordering Defendants to surrender all Allied Confidential Information in said parties possession or control to Allied, to

disable any remaining means of unauthorized access to the Allied Computers and to disclose any known vulnerabilities to prevent future access by improper means and prohibiting unauthorized use or disclosure of Allied Confidential Information (or facilitating same); and

d. reserves jurisdiction to take such affirmative acts and enter such orders as the Court deems just and proper.

## COUNT II – VIOLATION OF PRIVACY OF COMMUNICATIONS ACT

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 as though fully alleged herein.

47. This is an action pursuant to § 934.27, Florida Statutes.

48. The Allied Computers include a Microsoft Exchange email server which functions as an electronic communication system and provides electronic communication service for certain authorized agents of Allied. See § 934.02(14)-(15), Florida Statutes.

49. The Allied Computers store electronic communications belonging to Allied. See § 934.02(12), Florida Statutes.

50. Following termination of her employment at Allied, Youmans was no longer authorized to use or access the Allied Computers, or any part thereof.

51. Notwithstanding this prohibition, Youmans, individually and/or with the assistance of others, accessed the Allied Computers in order to obtain Allied's electronic communications held in electronic storage.

52. Using her unauthorized access to the Allied Computers, Youmans transmitted Allied's electronic communications to offsite locations controlled by her, for

purposes of conferring a commercial advantage to Garden St. Portables, and obtaining private financial gain to the detriment of Allied.

53.     Youmans' unauthorized access and possession of Allied's electronic communications violates Florida law and has caused damage to Allied.

WHEREFORE, Plaintiff, ALLIED PORTABLES, LLC, requests entry of judgment against Defendants, ROBIN YOUMANS, GARDEN ST. PORTABLES, LLC, WILLIAM "BILL" OSWALD, JR., and LORI A. LANGLOIS, which:

   a. awards damages in the maximum amount allowable at law, in an amount including, but not limited to, the actual damages suffered by Allied and any profits made by Youmans, Oswald and/or Garden St. Portables as a result of their violation, statutory damages, and punitive damages upon appropriate showing;

   b. awards reasonable attorneys' fees and other litigation costs reasonably incurred;

   c. enters an injunction ordering Defendants to surrender all Allied Confidential Information in said parties possession or control to Allied, to disable any remaining means of unauthorized access to the Allied Computers and to disclose any known vulnerabilities to prevent future access by improper means, prohibiting unauthorized use or disclosure of Allied Confidential Information (or facilitating same); and

   d. reserves jurisdiction to take such affirmative acts and enter such orders as the Court deems just and proper.

## COUNT III – MISAPPROPRIATION OF TRADE SECRETS

54.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 as though fully alleged herein.

55.     This is an action pursuant to Chapter 688, Florida Statutes.

56.     Following termination of her employment, Youmans, Oswald and Garden St. Portables used improper means to access the Allied Network and acquire Allied Confidential Information.

57.     Youmans, Oswald and Garden St. Portables engaged in willful and malicious misappropriation of Allied Confidential Information, including Allied trade secret information.

58.     Allied Confidential Information is now in the possession of Youmans, Oswald and Garden St. Portables, who are using said information to obtain an unfair commercial advantage over Allied.

59.     Allied has suffered damage as a result of the misappropriation of its trade secrets by Youmans, Oswald and Garden St. Portables.

60.     It is inequitable for Youmans, Oswald and Garden St. Portables to use Allied Confidential Information under these circumstances.

WHEREFORE, Plaintiff, ALLIED PORTABLES, LLC, requests entry of judgment against Defendants, ROBIN YOUMANS, WILLIAM "BILL" OSWALD, JR., and GARDEN ST. PORTABLES, LLC, which:

a.  awards money damages in the maximum amount allowable by law, in an amount including, but not limited to, the actual loss caused by

misappropriation of Allied Confidential Information, the amount of unjust enrichment conferred by the misappropriation not taken into account when computing actual loss, and exemplary damages;

b. awards reasonable attorneys' fees incurred by Allied;

c. enters an injunction against Youmans, Oswald and Garden St. Portables, permanently enjoining said parties, and their agents, from any use or further misappropriation of Allied Confidential Information, until such time as such information is no longer considered a trade secret, and then for such additional time as is necessary to eliminate any commercial advantage derived from the misappropriation, and ordering the surrender of all Allied Confidential Information in said parties possession or control to Allied; and

d. reserves jurisdiction to take such affirmative acts and enter such orders as the Court deems just and proper.

## COUNT IV - TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS

61. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 as though fully alleged herein.

62. Allied has business relationships throughout Florida and the United States.

63. Due to her time spent as managing member, Youmans has intimate knowledge about the business relationships of Allied Confidential Information. Oswald

and Langlois also possesses knowledge regarding Allied and Allied Confidential Information.

64.     Garden St. Portables was registered with the Florida Secretary of State on September 22, 2014, just over three weeks after termination of Youmans as managing member of Allied.

65.     Youmans, Oswald and Langlois, now act (or have acted) as agents on behalf of Garden St. Portables in some capacity.

66.     Youmans, Oswald, Langlois, Garden St. Portables and agents thereof, have systematically interfered with the business relationships of Allied, attempting to divert former, current and prospective customers away from Allied and to Garden St. Portables or elsewhere.

67.     Their intentional and unjustified interference in the business relationships of Allied has resulted in the breach of certain business relationships.

68.     Allied has suffered damage as a result of the interference with its business relationships.

WHEREFORE, Plaintiff, ALLIED PORTABLES, LLC, requests entry of judgment against Defendants, ROBIN YOUMANS, GARDEN ST. PORTABLES, LLC, WILLIAM "BILL" OSWALD, JR., and LORI A. LANGLOIS, which awards damages to Allied for Defendants' tortious interference in the business relationships of Allied, in the maximum amount allowable by law, and reserves jurisdiction to enter any necessary injunction or such other relief as the Court deems just and proper.

## COUNT V - CIVIL CONSPIRACY – CONVERSION

69.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 as though fully alleged herein.

70.     This is an action pursuant to Chapter 772, Florida Statutes.

71.     Youmans, Oswald and Billopro are parties to a civil conspiracy to convert Allied property, and took concerted action to unlawfully, willfully and maliciously convert Allied property for their own personal use.

72.     The actions taken by Youmans, Oswald and Billopro were successful, resulting in the actual conversion of property from Allied to their personal use.

73.     Allied's converted property remain in possession of Youmans, Oswald and Billopro, unless sold, transferred or destroyed since the time of conversion.

74.     Youmans, Oswald and Billopro have refused to return Allied's converted property.

75.     The conversion of Allied's property has caused damage to Allied.

WHEREFORE, Plaintiff, ALLIED PORTABLES, LLC, requests entry of judgment against Defendants, ROBIN YOUMANS, WILLIAM "BILL" OSWALD, JR., and BILLOPRO, LLC, which orders Defendants to return all converted property to Allied, awards damages to Allied for Defendants' conversion of Allied property, in the maximum amount allowable by law, awards Allied its reasonable attorneys fees and costs, and reserves jurisdiction to enter such orders and other relief as the Court deems just and proper.

## COUNT VI – BREACH OF OPERATING AGREEMENT

76.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 as though fully alleged herein.

77.     Adamson and Youmans are parties to the Operating Agreement.

78.     The Operating Agreement provides that Youmans would act as the initial managing member of Allied. See Exhibit A (Art. VIII, Sec (a)). The Operating Agreement required Youmans to discharge her duties as managing member "in good faith, in a manner reasonably believed to be in the best interests of Allied, and with such care as an ordinarily prudent person in her position would use under similar circumstances." See Exhibit A (Art. VIII, Sec (c)).

79.     From March 26, 2009, to August 29, 2014, Youmans served as the managing member of Allied and was responsible for the company's day-to-day operations.  As described above, Youmans' duties as managing member afforded her access to all aspects of Allied's business, including its confidential, proprietary and trade secret information.

80.     Youmans ultimately exploited her position of trust to obtain Allied Confidential Information that would aid her in the formation and operation of Garden St. Portables, a business venture that now directly competes with Allied.

81.     Youmans has a direct or indirect interest in Garden St. Portables and now acts as an agent on its behalf.

82.     Youmans' actions, taken for her own personal gain and in contravention of her duties to Allied, constitute a breach of her duties as managing member under the Operating Agreement.

83.     Youmans' breaches have caused damage to Adamson.

WHEREFORE, Plaintiff, CONNIE ADAMSON, requests entry of judgment against Defendant, ROBIN YOUMANS, which awards damages to Allied for Defendants' breach of the Operating Agreement, in the maximum amount allowable by law, awards Allied its reasonable attorneys fees and costs, and reserves jurisdiction to enter such orders and other relief as the Court deems just and proper.

## COUNT VII - BREACH OF FIDUCIARY DUTIES TO ALLIED

84.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 as though fully alleged herein.

85.     Due to her status as a member of Allied, Youmans owes fiduciary duties of loyalty and care to Allied.

86.     Without limitation, Youmans fiduciary duties require her to:

a.  account to Allied for: any property, profit, or benefit derived by Youmans in the conduct of Allied's activities and affairs; from the use of Allied's property; or from the appropriation of an Allied opportunity;

b.  refrain from dealing with Allied on behalf of a person having an interest adverse to Allied; and

c.  refrain from competing with Allied in the conduct of Allied's activities and affairs.

87. Without limitation, Youmans has openly breached her fiduciary duties to Allied by:

    a. organizing Garden St. Portables for the express purpose of competing with Allied;

    b. using Allied's tangible and intangible property, and appropriating Allied Confidential Information and Allied business opportunities, to benefit Garden St. Portables and otherwise for Youmans' personal gain;

    c. surreptitiously dealing with Allied and its agents on behalf of interests averse to Allied; and

    d. soliciting business from former, current and prospective customers of Allied on behalf of Garden St. Portables.

88. Youmans' breach of her fiduciary duties to Allied caused substantial damage to Allied.

WHEREFORE, Plaintiff, ALLIED PORTABLES, LLC, requests entry of judgment against Defendant, ROBIN YOUMANS, which awards damages to Allied for Youmans' breach of her fiduciary duties, in the maximum amount allowable by law, awards Allied its reasonable attorneys fees and costs, and reserves jurisdiction to enter such orders and other relief as the Court deems just and proper.

## COUNT VIII - BREACH OF FIDUCIARY DUTIES TO ADAMSON

89.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 as though fully alleged herein.

90.     Due to her status as a member of Allied, Youmans owes fiduciary duties of loyalty and care to Adamson.

91.     Without limitation, the duty of loyalty requires Youmans to account to Adamson for any property, profit, or benefit derived by Youmans in the conduct of Allied's activities and affairs; from the use of Allied's property; or from the appropriation of an Allied opportunity;

92.     Without limitation, Youmans has openly violated her fiduciary duties to Adamson by:

    a.  engaging in transactions for which Youmans had a conflict of interest;

    b.  organizing Garden St. Portables for the express purpose of competing with Allied;

    c.  using Allied's tangible and intangible property, and appropriating Allied Confidential Information and Allied business opportunities, to benefit Garden St. Portables and otherwise for Youmans' personal gain;

    d.  surreptitiously dealing with Allied and its agents on behalf of interests averse to Allied; and

    e.  soliciting business from former, current and prospective customers of Allied on behalf of Garden St. Portables.

93.     Youmans' breach of her fiduciary duties to Adamson caused substantial damage to Adamson.

WHEREFORE, Plaintiff, CONNIE ADAMSON, requests entry of judgment against Defendant, ROBIN YOUMANS, which awards damages to Adamson for Youmans' breach of her fiduciary duties, in the maximum amount allowable by law, awards Adamson her reasonable attorneys fees and costs, and reserves jurisdiction to enter such orders and other relief as the Court deems just and proper.

Respectfully filed this 11th day of May, 2015, by:

Carl Joseph Coleman
Florida Bar No. 578207
*Trial Counsel*
Thomas G. Coleman
Florida Bar No. 0093897
BUCHANAN INGERSOLL & ROONEY PC
2235 First Street
Fort Myers, Florida 33901
(239) 334-7892 telephone
(239) 425-6390 fax
joe.coleman@bipc.com
tom.coleman@bipc.com
nichole.jayne@bipc.com
*Attorneys for Plaintiffs, Allied Portables, LLC, and Connie Adamson*