UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALLIED PORTABLES, LLC and CONNIE ADAMSON, a Florida limited liability company

        Plaintiffs,

v.                                    Case No:  2:15-cv-294-FtM-38CM

ROBIN YOUMANS, GARDEN ST. PORTABLES, LLC, WILLIAM "BILL&QUOT OSWALD, JR. , BILLOPRO, LLC, LORI A. LANGLOIS, DEBRA PALMER and PALMER ACCOUNTING & BOOKKEEPING SERVICE, INC.,

        Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendants, Robin Youmans and Garden St. Portables' Amended Motion to Strike (Doc. #71) filed on October 7, 2015. The Plaintiffs filed their expedited Response in Opposition (Doc. #77) on October 13, 2015. The Motion is now fully briefed and ripe for the Court's review.

Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In evaluating a motion to strike, the court must treat all well pleaded

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

facts as admitted and cannot consider matters beyond the pleadings. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002). A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Harvey, 2005 WL 1421170 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997).

Defendants move to strike Michelle Foley as a witness, her affidavit and the affidavits of Sandi-Jo Gertz and the supplemental affidavit of John Noble. As grounds to strike Folley's testimony, and the affidavits, Defendants cite to the M.D. Fla. Local Rule 4.06(b) and Gulf Coast Commercial Corp. v. Gordon River Hotel Associates, No. 2:05CV564-FTM-33SPC, 2006 WL 1382072, at *2 (M.D. Fla. May 18, 2006).

The Local Rule reads as follows:

> All hearings scheduled on applications for a preliminary injunction will be limited in the usual course to argument of counsel unless the Court grants express leave to the contrary in advance of the hearing pursuant to Rule 43(e) Fed. R. Civ. P. In order to develop a record and the positions of the parties in advance of the hearing, the following procedure shall apply:
>
> (1) The party applying for the preliminary injunction shall fully comply with the procedural requirements of Rule 4.05(b)(1) through (b)(5) of these rules pertaining to temporary restraining orders.
>
> (2) Service of all papers and affidavits upon which the moving party intends to rely must be served with the motion (Rule 6(c), Fed.R.Civ.P.).
>
> (3) The party or parties opposing the application must file with the Clerk's Office, and deliver to the moving party, all counter or opposing affidavits, and a responsive brief, not later than at least seven (7) days before the hearing (Rule 6(c), Fed.R.Civ.P.).

> (4) Lengthy briefs, affidavits and other papers are counterproductive and should be avoided. If the parties desire additional time to prepare, and so stipulate in writing, the scheduled hearing may be postponed and the temporary restraining order (if one has been issued) will be extended as provided in Rule 65(b), Fed.R.Civ.P. In the event the hearing is postponed, any additional papers must be filed in advance of the rescheduled hearing according to the time periods specified in paragraphs (2) and (3) above (as required by Rule 6(d), Fed.R.Civ.P.).

FL R USDCTMD Rule 4.06(b).

Rule 4.06(b)(2) was designed to prevent the party moving for preliminary injunction from subjecting the non-moving party to a constant barrage of affidavits and other papers, making it nearly impossible for the non-moving part to meaningfully respond and defend. Gulf Coast, 2006 WL 1382072, at *2. Rule 4.06(b) also pertains to establishing a record before the Court.

The language of Rule 4.06(b), reads in pertinent part: "[a]ll hearings scheduled on applications for a preliminary injunction will be limited in the usual course to argument of counsel *unless the Court grants express leave to the contrary in advance of the hearing*. . . ." (emphasis added). In this instance, the Court expressly directed the Parties to inform the Court of any witnesses or other evidentiary matters they intended to present at the hearing. (Doc. #40). This direction was given after the Motion for Preliminary injunction was filed. Therefore, all Parties concerned knew that evidence would be presented and potential witnesses could testify at the evidentiary hearing that were not originally filed as attachments to the Motion for Preliminary Injunction. As such, the testimony of Foley and the affidavits at issue in this Motion do not violate Rule 4.06(b)(2).

Defendants also rely on Gulf Coast Commercial Corp. v. Gordon River Hotel Associates, as grounds to strike the witness Foley and the affidavits of Foley, Gertz, and

Noble. 2006 WL 1382072, at *2. In Gulf Coast, the Court granted in part and denied in part defendant's motion to strike affidavits and evidence presented by plaintiff in support of its motion for a preliminary injunction. The Court struck evidence that was filed within five (5) days of the hearing on the preliminary injunction, but allowed evidence filed before the five (5) day limitation in M.D. Fla. Local Rule 4.06(b) to be used at the preliminary injunction hearing.² The Court noted that under the M.D. Fla. Local Rule 4.06(b), that "[s]ervice of all papers and affidavits upon which the moving party intends to rely must be made at least five (5) full days prior to the [preliminary injunction] hearing." Gulf Coast, 2006 WL 1382072, at *2. Unlike the instant case, the Court in Gulf Coast did not hold an evidentiary hearing allowing witnesses and evidence to be presented but instead held a hearing based upon the motions and attached affidavits only. Thus, Gulf Coast is easily differentiated from the instant case.

In this case, Plaintiffs informed the Court and Counsel that Michelle Foley would be called as a witness on August 31, 2015. Foley's affidavit was filed on September 4, 2015, (Doc. #62) with a supplemental affidavit being filed on September 21, 2015. (Doc. #64). While Foley was originally scheduled to testify at the hearing on September 2, 2015, the hearing was continued until October 15, 2015. Thus, the Defendants have had ample notice that Foley would be testifying and were given time to prepare to cross examine her testimony and provide evidence to refute her affidavit. As such, no prejudice will result to Defendants by Foley's testimony or affidavit.

The affidavit of Sandi-Jo Gertz (Doc. #63) was filed on September 10, 2015. There has been more than a month for the Defendants to prepare for Gertz testimony or respond

---

² M.D. Fla. Local Rule 4.06(b) was changed on December 1, 2009, to read as noted in this Order. *Supra* at p. 2.

to her affidavit. The Affidavit of John Noble was originally filed with the initial Motion for a Preliminary Injunction ([Doc. #10](#)) on May 25, 2015. The supplemental affidavit of John Noble ([Doc. #69](#)) was filed on October 2, 2015. The Plaintiffs have known about Noble's testimony for nearly five (5) months and have had two (2) weeks to prepare for any information included in Noble's supplemental affidavit. Therefore, the Defendants will not be prejudiced by the affidavits of Gertz or Nobel.

Because the Court directed the Parties to file their witness lists and evidence with the Court prior to the hearing, the Court does not find good cause to strike Foley as a witness nor the affidavits of Foley, Gertz, and/or Noble.

Accordingly, it is now

**ORDERED:**

Defendants, Robin Youmans and Garden St. Portables' Amended Motion to Strike ([Doc. #71](#)) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of October, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record