UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALLIED PORTABLES, LLC and
CONNIE ADAMSON, a Florida limited
liability company

       Plaintiffs,

v.                                                  Case No: 2:15-cv-294-FtM-38CM

ROBIN YOUMANS, GARDEN ST.
PORTABLES, LLC, WILLIAM
"BILL&QUOT OSWALD, JR. ,
BILLOPRO, LLC, LORI A.
LANGLOIS, DEBRA PALMER and
PALMER ACCOUNTING &
BOOKKEEPING SERVICE, INC.,

       Defendants.
_____/

**<u>ORDER</u>**[1]

       This matter comes before the Court on the Defendants, Robin Youmans and Garden St. Portables' (Youmans) Motion for Partial Judgment on the Pleadings (Doc. #67) filed on September 29, 2015. The Plaintiff, Allied Portables, LLC filed its Response in Opposition (Doc. #78) on October 13, 2015. The Motion is fully briefed and ripe for the Court's review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**

The primary business of Allied Portables is the provision of portable restrooms, flushing toilets, hand washing stations, hand sanitization stations, climate controlled restroom trailers, climate controlled shower trailers, and specialized restroom trailers for agricultural use. Allied Portables was formed in 2009 by Robin Youmans and Allied Recycling, Inc. Chester Adamson signed on behalf of Allied Recycling. Robin Youmans owns 49% of Allied Portables and was selected to be the managing member. Connie Adamson was substituted as a member replacing Allied Recycling, LLC in 2012.

As managing member Youmans carried out Allied Portables day to day administrative operations with the assistance of the other Defendants in this action, William Oswald, Jr., Lori Langlois, and Deborah Palmer. In addition, Youmans oversaw the daily operations of Allied Portables including sales, operations, vendor and customer relationships. Youmans via third party vendors set up and serviced Allied Portables' computer systems. Youmans had unfettered access to all of Allied Portables' confidential, business, and trade secret information.

Youmans accused Chester Adamson, the husband of Connie Adamson, who owns 51% of Allied Portables, of using Allied Portables' password to gain access to Allied Portables' checking account and then using the funds for his own personal benefit. Youmans claims Chester Adamson submitted a bill to Allied Portables for $17,000.00 to pay for the Adamson's oldest son's fortieth (40) birthday party in Las Vegas, Nevada. Youmans changed the passwords to the accounts and created a new post office box to segregate Allied Portables' mail from Adamson's mail. Youmans then offered to purchase Connie Adamson's 51% stake in Allied Portables. On August 18, 2014, Youmans states

that Connie Adamson sent her a text message agreeing to sell Adamson's 51% interest in Allied Portables.

On August 29, 2014, Youmans was scheduled to meet with Connie Adamson to finalize the sale of Allied Portables. Youmans had a new partner Rob Webber who was financing the Allied deal for Youmans. Instead of meeting Connie Adamson, Youmans was met by Allied Portables' attorneys, Gary Butler and Tom Coleman who terminated Youmans from her position at Allied Portables. On September 3, 2014, Allied sent a letter via Federal Express to Youmans informing her that she had been terminated as managing member of Allied Portables, LLC. Connie Adamson took over as managing member and has served as the sole managing member since Youmans termination. Maria Adamson, Connie and Chester Adamson's daughter-in-law, replaced Youmans as the manager of Allied Portables business operations.

Allied alleges that Youmans took confidential trade secret information including customer lists, pricing information, event schedules for local communities, and Allied Portables 10—Rental Rate Analysis Report which contains all the information necessary to run a portables business as well as other alleged confidential and trade secret information. Allied alleges that Youmans and Garden St. Portables never developed their own customer list but simply worked off Allied's list. In addition to the trade secret information and confidential materials, Plaintiffs allege Youmans kept her company issued iPhone, iPad, and laptop computer. Youmans states she gave those items to her attorney, Karl Landsteiner, and that all of Allied Portables' electronic equipment has been returned.

Allied avers Youmans conspired with Debra Palmer, Allied's book keeper, to divert and hold payments to reduce the company's appearance and value as well as to divert funds paid to Billopro and other entities controlled by Youmans and Oswald. Allied further alleges Youmans allowed Oswald to use Allied's utilities and facilities to operate Billopro and used Allied's funds to purchase insurance for herself and Oswald without authorization. Youmans changed the mailing address for Allied receivables to allow her to intercept Allied's mail. Allied continues, that Youmans directed Palmer to change Allied Portables' payment address, electronic access credentials for Allied's accounting programs, and to prevent access to Allied Portables systems by Chester Adamson. Youmans further directed Palmer to take twenty (20) Allied Portable checks in case she needed them. Further, Youmans installed a computer in her home office using Allied's funds. Additionally, Youmans had a third party vendor configure a firewall and take other unauthorized actions including changing the access credentials for the Total Activity Control software to impede Allied's operations in case she was terminated.

On June 25, 2015, Allied filed its First Amended Complaint ([Doc. #31](Doc. #31)) against Youmans and Garden St. Portables. Allied's First Amended Complaint contains nine (9) Counts. Count I for an alleged violation of the Computer Fraud and Abuse Act (CFAA) and Count II, a violation of the Federal Stored Communications Act are the only federal law claims in the Complaint. Plaintiffs' state law claims include allegations of the following: Count III violation of the Florida Privacy of Communication Act; Count IV misappropriation of trade secrets; Count V, tortious interference with an advantageous business relationship; Count VI, a civil conspiracy to convert (conversion); Count VII, breach of Operating Agreement; and Count VIII, breach of fiduciary duty to Allied and Count IX

breach of fiduciary duty to Adamson. Youmans now moves for judgment on the pleadings on Counts III, V, VI, VII, VIII, and IX.

## STANDARD OF REVIEW

Judgment on the pleadings is proper when there are no issues of material fact, and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 12(c); *Ortega v. Christian,* 85 F.3d 1521, 1524 (11th Cir.1996). As such, a court should enter judgment on the pleadings only "when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." *Whitehurst v. Liquid Envtl. Sols., Inc.*, 45 F. Supp. 3d 1328, 1339 (M.D. Fla. 2014) (quoting *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n,* 137 F.3d 1293, 1295 (11th Cir.1998)). "For purposes of a motion for judgment on the pleadings, all the non-moving party's pleadings are taken as true, and, if denied, the moving party's allegations are taken as false." *Whitehurst,* 45 F. Supp. 3d at 1339.

## DISCUSSION

Youmans avers that Counts III, V, VI, VII, VIII, and IX are preempted by the Florida Uniform Trade Secret Act (FUTSA), Fla. Stat. § 688.001 *et. seq.* arguing that FUTSA precludes all state law causes of action based on the misappropriation of trade secrets found in Count IV. Count IV avers in pertinent part:

> the day after Youmans was terminated and removed as managing member of Allied, she accessed the Allied Computers, without authorization, in order to steal Allied Confidential Information and Allied Trade Secret for Youmans' later use at Garden St. Portables (which in fact occurred). Youmans attached old email messages sent to/from her former Allied email account to new email messages being sent from the Allied email account to a personal email account controlled by Youmans.

(Doc. #31, ¶ 91). Allied argues the mere fact that allegations in a claim relate to misappropriations of trade secrets does not call for preemption under FUTSA so long as there are material distinctions between those other claims and the FUTSA claim.

Section 688.004 of FUTSA states that a complainant may recover damages for the misappropriation of its trade secrets. Section 688.008 of the Act further provides that FUTSA "displace[s] conflicting tort, restitutory, and other law of this state providing civil remedies for misappropriation of a trade secret." *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1180 (M.D. Fla. 2005) (citing Fla. Stat. § 688.008(2)(a) & (b)).

The Act specifies that this preemption does not apply to "contractual remedies, whether or not based upon misappropriation of a trade secret" or "other civil remedies that are not based upon misappropriation of a trade secret." *Am. Honda Motor Co.,* 390 F. Supp. 2d at 1180. Thus, FUTSA preempts all claims, other than claims *ex contractu,* based on misappropriation of trade secrets. *Id.* (citing *Allegiance Healthcare Corp. v. Coleman*, 232 F. Supp. 2d 1329, 1335 (S.D. Fla. 2002)). The Court must therefore determine if the factual allegations in Counts III, V, VI, VII, VIII, and IX contain material distinctions between the wrongdoing alleged in the trade secret claim, Count IV, and those claims. *Id.* If other torts involve the same underlying factual allegations as the claim for trade secret misappropriation, as found in Count IV, they will be preempted. *Id.*

### *Count III*

Youmans argues that Count III should be preempted because Count III alleges that she violated Fla. Stat. § 934.27 by accessing and forwarding emails from her Allied account post termination without authorized access. Youmans claims that Count III

includes the same factual allegations and language as that contained in Count IV. As such, Youmans argues Count III is preempted because it focuses solely on the alleged misappropriation of trade secrets and is factually identical to Count IV.

Allied argues It is clear from a review of these allegations that there are material distinctions between the allegations that comprise the claim for violation of the Privacy of Communications Act in Count III and the allegations that comprise the FUTSA claim in Count IV. Allied continues that the allegations of trade secret misappropriation are not the only underlying wrong in Count III. Allied's argument is well taken.

In this instance, Count III contains material distinctions between the wrongdoings alleged in the trade secret claim in Count IV. In Count III, Allied alleges that Youmans and others accessed its computer systems post termination without authorization. Count IV alleges that Youmans used the information gained through the unauthorized access of Allied's computer system for her own commercial advantage. While many of the facts are the same in Counts III and IV, the standard is whether or not Count III contains material distinctions between the wrongdoings alleged in Count IV. As Allied argues in its response, the alleged unauthorized access in violation of the Privacy of Communications Act does not pertain to trade secrets or confidential information but any information obtained from Allied's computer system without authorization. Thus, there is a material distinction between the wrongdoing alleged in Count III and IV. Thus, the Motion is due to be denied as to Count III.

### *Count V*

Count V alleges a claim for tortious interference with a business relationship. Count V contains allegations that Youmans and others solicited agents of Allied to come

and work for Garden St. Portables and solicited Allied's customers to switch over and use the services of Garden St. Portables.  Youmans argues that § 688.08 preempts Count V because Count V is focused on misappropriation of Allied's trade secrets.  However, as noted above, the statute actually focuses on whether or not the claims have material distinctions between the wrongdoings alleged in the respective claims.  Based upon that standard, Count V and Count IV have clear material distinctions as Count V pertains to Youmans' attempts to solicit Allied's customers and employees to come to Garden St. Portables and does not address the claims from Count IV involving the taking of trade secrets.  In addition to the alleged trade secrets and confidential information, Count V alleges that due to Youmans' knowledge about Allied Business relationships, she was able to solicit Allied's customers and employees to do business with Garden St. Portables. Thus, there are material differences in the facts contained in Count V other than just the taking of confidential information.  Youmans cannot be told to forget the information, knowledge and experience she has garnered while working as the managing partner of Allied.  Therefore, even if Youmans used the alleged misappropriated trade secrets to aid her in her solicitations, there are enough material distinctions in the facts alleging wrongdoing that would prevent the Court from exempting Count V under Fla. Stat. § 688.08. *Am. Honda Motor Co.,* 390 F. Supp. 2d at 1181

### *Count VI*

Count VI alleges that Youmans conspired to violate the civil theft statute by converting physical and electronic copies of Allied's confidential and trade secret information and computer equipment.  Youmans argues because Count VI relates to the same factual information as Count IV, Count VI should be preempted.  The claim in Count

VI is not comprised of the same factual basis as the claim in Count IV. Count VI states in pertinent part:

> Specific Allied property converted by Youmans, Oswald and/or Billopro includes, without limitation, Allied iPhones and/or iPads, Allied laptops and/or desktops, Allied printers and other Allied computer equipment, specific Allied funds used to pay for unauthorized insurance policies applicable to Youmans and/or Oswald, physical and electronic copies of Allied Confidential Information and Allied Trade Secrets, and blank Allied checks. Youmans and/or Oswald also directed a vendor to release cellular phone numbers issued to Allied into the control of Youmans and/or Oswald following their termination as agents of Allied.

(Doc. #31, ¶122).

Count IV alleges Youmans and others gained access to Allied's trade secrets and confidential information by attaching the information to e-mails and then e-mailed the information to themselves. However, the issue is whether or not the allegations of the misappropriations of trade secrets alone compromise the underlying wrong in Count VI. Count VI focuses primarily on the physical conversion of the hardware, iPhones, iPads and computers issued to Youmans and others by Allied. Although Count VI does allege that trade secrets were converted, the material distinctions in the alleged wrongdoing between Count IV and Count VI are too great to preempt Count VI under FUTSA. As such, the Motion to dismiss Count VI as preempted is denied.

### *Counts VII, VIII, and IX*

Count VII alleges Youmans breached the operating agreement to which she and Adamson were parties. The FUTSA is not applicable to breach of contract claims such as the claim alleged in Count VII. *Am. Honda Motor Co.,* 390 F. Supp. 2d at 1180. As such, Count VII is not preempted by FUTSA.

Counts VIII and IX, allege that Youmans breached her fiduciary duty to the Allied Portables, LLC and Adamson the LLC's other member.  Allied argues that Counts VIII and IX can be preempted only if the alleged breach of fiduciary duty solely relates to misapplication of trade secrets.  Again, Allied's argument is well taken.  Counts VIII and IX include allegations that Youmans breached her fiduciary duty by forming Garden St. Portables, tortuously interfering with Allied's business relationships, and by converting Allied's tangible and intangible property for her own personal gain.  Clearly, the allegations in Counts VIII and IX are not solely based upon Youmans alleged misappropriation of trade secrets.  As such, there are material distinctions between Count IV and Counts VIII and IX the Motion is due to be denied.

## CONCLUSION

Because there are material distinctions between the allegations found in Count IV and the Counts III, V, VI, VII, VIII and IX, the Motion for Partial Judgment on the Pleading based upon preemption under FUTSA is due to be denied.

Accordingly, it is now

**ORDERED:**

Defendants, Robin Youmans and Garden St. Portables' Motion for Partial Judgment on the Pleadings ([Doc. #67](Doc. #67)) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of January, 2016.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record