UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALLIED PORTABLES, LLC, a Florida limited liability company; CONNIE ADAMSON, an individual;

    Plaintiffs,

vs.

ROBIN YOUMANS, an individual; GARDEN ST. PORTABLES, LLC, a Florida limited liability company, WILLIAM "BILL" OSWALD, JR., an individual; BILLOPRO, LLC, a Florida limited liability company; LORI A. LANGLOIS, an individual; DEBRA PALMER, an individual; and PALMER ACCOUNTING & BOOKKEEPING SERVICE, INC., a Florida corporation;

    Defendants.
_____/

CASE NO.: 2:15-CV-294-PAM-CM

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS', ROBIN YOUMANS AND GARDEN ST. PORTABLES, LLC, MOTION TO STRIKE AND/OR EXCLUDE EXPERT REPORT AND TESTIMONY OF JEFFREY M. BIRNBACH

The Plaintiffs, Allied Portables, LLC ("Allied") and Connie Adamson ("Adamson") (collectively, the "Plaintiffs"), hereby file this response in opposition to the Defendants', Robin Youmans and Garden St. Portables, LLC, Motion to Strike and/or Exclude Expert Report and Testimony of Jeffrey M. Birnbach (Doc. #199) (the "Motion"). For the reasons set forth herein, the Motion should be denied.

In the Motion, the Defendants, Robin Youmans ("Youmans") and Garden St. Portables, LLC ("Garden St.") (collectively, the "Defendants") move to strike and/or exclude <u>one</u> of the opinions of the Plaintiffs' expert, Jeffrey M. Birnbach ("Birnbach"). The Defendants do <u>not</u> challenge Birnbach's qualifications. The Defendants do <u>not</u> challenge Birnbach's scientific

method in conducting a forensic review of certain mobile devices and computers. The Defendants do <u>not</u> seek to strike and/or exclude all of the opinions offered by Birnbach in his expert report (Doc. #199-1). Rather, the Defendants seek to strike and/or exclude Birnbach's opinion that Youmans accessed Allied's computer assets after August 29, 2014. The sole basis for this request is that Birnbach's opinion is allegedly based on insufficient facts and/or data because Birnbach did not review Allied's network and/or servers. As explained below, Birnbach based his opinion on a forensic review of Youmans' mobile devices and her Allied desktop computer which – in Birnbach's expert opinion – show access by Youmans on August 30, 2014. Birnbach has explained that based on this evidence it was unnecessary to also review Allied's network and/or servers. Birnbach has based his opinion on sufficient facts and data and his opinion should not be stricken or excluded.

## LEGAL ARGUMENT

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Birnbach is the Managing Director of the Sylint Group, Inc., a cyber security, digital data forensics and investigative firm located in Sarasota, Florida. Doc. #199-1 at p. 9. Birnbach has been conducting digital data forensic analyses since 2000. Ex. 1 at 9:5-7 (Birnbach Depo.). As Birnbach explained at his deposition, digital data forensic analysis involves reviewing artifacts

that are created by computers and people's interactions with computers to determine what has occurred. Ex. 1 at 8:2-7. Birnbach was asked by counsel for the Plaintiffs to determine, among other things, if Youmans accessed Allied's computer assets after August 29, 2014. Ex. 1 at 33:6-13; 35:2-5. To make this determination, Birnbach reviewed certain mobile devices and computers used by Youmans. Doc. #199-1 at p. 3; Ex. 1 at 8:8-17. Birnbach conducted that review and was able to extract certain artifacts from those devices and computers and make certain determinations regarding the characteristics and attributes of those artifacts. Ex. 1 at 10:2-8. At his deposition, Birnbach was asked to explain the science that he used in generating his expert report. He responded as follows:

> Well, we use certain tools that help us identify digital data that's left behind from various operations. Sending an email leaves behind certain information. We look to see that information, the header of an email, that tells who the sender was, who the recipient was, and the path it took to get there; that's one example.
>
> We use our tools to help us extract information from mobile devices, cell phone, iPad. And those tools also identify for us files that have been deleted.
>
> We use yet other tools that help us understand where somebody went in terms of browsing.
>
> So when we talk about scientific, there are technical tools we use to help extract data, this huge amount of data, to put it in manageable categories, so that we can then use some human intelligence to look at it and try to identify some patterns.

Ex. 1 at 90:16-91:9. Birnbach specifically identifies the tools that he used in his expert report in the first paragraph on page two. Doc. #199-1 at p. 3 (identifying X-ways Forensics 18.9, Magnet Forensics Internet Evidence Finder (IEF) v6.8.2.3062 and Cellebrite UFED Physical Analyzer 5.3.0.2). Further, he has testified that when he performs a forensic analysis he does so to a reasonable degree of scientific certainty. Ex. 1 at 91:14-17. As mentioned above, the Defendants do not challenge Birnbach's qualifications as an expert or the methods and tools he utilized to conduct his forensic review.

Youmans has already admitted under oath that on August 30, 2014 – the day after her employment with Allied was terminated and she was removed as Managing Member – Youmans forwarded emails from her Allied email account to a personal email account. Doc. #110 at pp. 231:24-232:21 (Youmans' Testimony). It is further undisputed that these emails contained business information of Allied. Doc. #110 at pp. 232:6-10; 234:10-15; 234:16-235:8; 236:8-237:8; 237:15-19; 283:12-17 (Youmans' Testimony). For purposes of the Plaintiffs' claims under the Computer Fraud and Abuse Act and Stored Communications Act, the issue is whether Youmans <u>accessed</u> Allied's computer assets when she forwarded those emails from her Allied email account to a private email account. Birnbach opines that Youmans <u>did</u> access Allied's computer assets when she forwarded those emails. In the Motion, the Defendants argue that Birnbach cannot present that opinion because he admittedly did not review Allied's network or server in reaching that opinion. As Birnbach has explained at his deposition, it was unnecessary for him to review Allied's network or server because his review of certain mobile devices and computers establish that Youmans accessed Allied's computer assets on August 30, 2014 when she forwarded emails from her Allied email address to a private email account. Ex. 1 at 39:21-40:6; 41:24-42:3; 43:1-15; 44:14-17; 45:4-15; 46:2-5; 46:11-13; 46:18-23; 47:18-22; 48:21-22; 102:11-14.

In reaching his conclusion that Youmans accessed Allied's computer assets on August 30, 2014, Birnbach has reviewed mobile devices and computers identified in his expert report. Doc. #199-1 at p. 3. More specifically, Birnbach has concluded that Youmans accessed Allied's Microsoft Exchange mail server on August 30, 2014 and forwarded to a private email address a number of emails. Ex. 1 at 39:21-40:6. Birnbach opines that these emails were sent by Youmans based on his review of the header information on the emails which specifically

identifies the sender and the receiver of those emails. Ex. 1 at 41:24-42:3. Significantly, the header on the emails tells where the email was routed. Ex. 1 at 43:1-4. Birnbach examined the headers on the emails forwarded by Youmans on August 30, 2014 and determined that those headers showed that the emails went through the Microsoft Exchange server belonging to Allied. Ex. 1 at 43:1-12.

Birnbach's conclusion was confirmed by his review of Youmans' desktop computer at Allied which shows the forwarded emails in Youmans' sent message folder on that computer. Ex. 1 at 45:2-15. As Birnbach explained at his deposition, Youmans' email account at Allied had something called Microsoft ActiveSync which allows a user such as Youmans to use multiple devices on the same email account. Ex. 1 at 45:4-15. Microsoft ActiveSync will sync the activity on a mobile device associated with an email account to the other devices associated with that same email account. Ex. 1 at 45:4-15. Birnbach has testified that Youmans' desktop computer at Allied was connected to Allied Portables' network at the time she forwarded the emails to herself on August 30, 2014. Ex. 1 at 46:2-23; 47:18-22. Birnbach's basis for this is that those emails show up on Youmans' desktop computer at Allied as a result of Microsoft ActiveSync. Ex. 1 at 46:2-23; 47:18-22. Stated differently, "[Youmans] is accessing her Exchange account from a device. The artifact of that access in sending of an email appears on the desktop through ActiveSync." Ex. 1 at 50:3-5.

Birnbach was asked numerous times at his deposition if he reviewed Allied's network or server as part of his work in this matter and he responded that he did not. *E.g.*, Ex. 1 at 57:11-14; 66:6-9. When asked why, Birnbach explained that it was unnecessary to review Allied's network or servers because there was sufficient evidence – in the form of the artifacts found on

the devices and computers that Birnbach did review – to establish that Youmans accessed Allied's computer assets on August 30, 2014. Ex. 1 at 57:11-19; 66:6-9.

The Defendants' Motion is based on the flawed and unsupported assumption that the only way an expert like Birnbach can determine access to Allied's computer assets is by reviewing Allied's network or server. As Birnbach has explained, that is not the case. Such access can also be determined by reviewing the mobile devices and computers used to facilitate such access, in particular the artifacts contained on those devices and computers. Birnbach has based his opinion that Youmans accessed Allied computer assets on August 30, 2014 on sufficient facts and data. Birnbach reviewed the devices and computers identified in his expert report using the scientific tools described in that report and in his deposition and bases his opinion regarding Youmans' access to Allied computer assets on that review. As Birnbach has explained, it was unnecessary for him to also review Allied's network or server. There is no legitimate basis to strike or exclude Birnbach's expert report or testimony in this case. For these reasons, the Plaintiffs respectfully request that the Court deny the Motion.

## CONCLUSION

For the reasons set forth above, the Plaintiffs, Allied Portables, LLC and Connie Adamson, respectfully request that the Court deny the Defendants', Robin Youmans and Garden St. Portables, LLC, Motion to Strike and/or Exclude Expert Report and Testimony of Jeffrey M. Birnbach (Doc. #199) and order such other relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 14, 2016, I electronically filed the foregoing document with the Clerk of this Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants.

*/s/ Carl Joseph Coleman*
Carl Joseph Coleman, Florida Bar No. 578207
David C. Potter, Florida Bar No. 0388254
Jarred D. Duke, Florida Bar No. 112457
BUCHANAN INGERSOLL & ROONEY PC
2235 First Street
Fort Myers, Florida  33901
(239) 334-7892 telephone
(239) 425-6390 fax
joe.coleman@bipc.com
david.potter@bipc.com
*Attorneys for Plaintiffs, Allied Portables, LLC, and Connie Adamson*